# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF COLORADO
# SENIOR JUDGE MARCIA S. KRIEGER

Civil Action No. 18-cv-02419-MSK-NYW

JACK S. WORTMAN, JR., and
SUSAN A. WORTMAN,

    Plaintiffs,

v.

VOYLAN R. REINSBACH, and
BECO, INC.

    Defendants.

## OPINION AND ORDER OVERRULING OBJECTIONS AND DENYING MOTION TO AMEND AND GRANTING MOTION TO INTERVENE

**THIS MATTER** comes before the Court pursuant to the Plaintiffs' Objections **(# 78)** to the Magistrate Judge's October 17, 2019 Recommendation **(# 77)** that the Plaintiffs' Motion For Leave to Amend the Complaint **(# 50)** be denied, and the Defendants' response **(# 79)**. Also pending is a Motion to Intervene **(# 54)** by Proposed Intervenor Zurich American Insurance Company ("Zurich"), to which no party has filed any opposition.

The facts of this case are relatively straightforward. On August 9, 2015, Plaintiff Jack Wortman was driving westbound on Interstate 76 near Weld County, Colorado. Due to car fire approximately a mile ahead of him, Mr. Wortman (and other traffic) was brought to a stop. Mr. Reinsbach was driving a tractor-trailer on the highway some distance behind Mr. Wortman. Although, as discussed in some detail below, Mr. Reinsbach had a considerable amount of time to notice the stopped traffic and safely slow to a stop, he failed to do so. He applied his brakes only a few seconds before striking Mr. Wortman's car from behind at an approximate speed of

48 miles per hour. Mr. Wortman suffered significant physical injuries as a result of the accident. Mr. Wortman and his wife commenced this case, alleging claims against Mr. Reinsbach and his employer BECO, Inc., sounding in negligence, negligent hiring, and loss of consortium, among others.

After some opportunity for discovery, the Wortmans filed the instant Motion to Amend **(# 50)**, seeking leave to amend their Complaint to add a demand for punitive damages pursuant to C.R.S. § 13-21-102. The Wortmans contended that they have adduced sufficient evidence in discovery to make a *prima facie* showing that Mr. Reinsbach's inattentiveness to the stopped traffic amounted to "willful and wanton conduct".

The Motion to Amend was referred to the Magistrate Judge who issued a Recommendation **(# 77)** that the motion be denied. Reciting the evidence that the Wortmans proffered, the Magistrate Judge concluded that such evidence, at most, demonstrated negligence but not willful and wanton conduct by Mr. Reinsbach. The Wortmans timely filed Objections **(#78)** to the Recommendation, arguing that the Magistrate Judge failed to construe the evidence in the light most favorable to them, and that the Magistrate Judge's conclusion that the facts justified only a finding of simple negligence was clearly erroneous.

The Court reviews the objected-to portions of the Magistrate Judge's Recommendation *de novo*. Fed. R. Civ. P. 72(b). C.R.S. § 13-21-102(1.5) provides that demands for punitive damages may not be asserted in the first instance in suits originally brought in state court, but that a demand for such damages may be asserted by amendment if "the plaintiff establishes prima facie proof of a triable issue." To be entitled to claim punitive damages, the plaintiff must show that "the injury complained of is attended by circumstances of . . . willful and wanton conduct." C.R.S. § 13-21-102(1). Under Colorado law, "willful and wanton conduct" refers to

2

"conduct purposefully committed which the actor must have realized was done heedlessly and recklessly without regard to the consequences or the rights of the plaintiff." *Coors v. Security Life of Denver Ins. Co.*, 112 P.3d 59, 66 (Colo. 2005). In other words, "[w]here the defendant is conscious of his conduct and the existing conditions and knew or should have known that injury would result," the predicate for a demand for punitive damages is met. *Id.* In *White v. Hansen*, 837 P.2d 1229, 1233 (Colo. 1992), the Colorado Supreme Court described "willful and wanton conduct" (and its cognates such as "gross negligence," "reckless conduct," and "reckless negligence") as distinct from "ordinary negligence" . The Court described "willful and wanton" conduct as "conduct is so aggravated as to be all but intentional." It is a concept that "differs in quality, rather than degree, from ordinary lack of care." *Id.* For example, in addressing an auto accident that was caused by a driver falling asleep while operating the vehicle, "the question of whether any forewarning of danger from drowsiness" was the question that differentiated the driver's ordinary negligence (when there was no "forewarning of sleep or admitted drowsiness") from willful and wanton conduct (if the driver had previously observed "warnings of impending sleep"). *Rennels v. Marble Products, Inc.*, 486 P.2d 1058, 1060 (Colo. 1971). Similarly, in *Steeves v. Simley*, 354 P.2d 1011, 1013 (Colo. 1960), the Colorado Supreme Court found sufficient evidence that a driver's conduct was willful and wanton when the driver was traveling at an excessive rate of speed and had been asked by his passengers on several occasions to slow down. There, the court explained that "the ultimate issue in such cases is whether defendant's misconduct constitutes inadvertence or inattentiveness, or on the other hand, whether he is shown to be guilty of willfully and intentionally pursuing a course of conduct so highly hazardous that it can be said that he realized the existence of a strong possibility that harm would result." *Id.* at 1013-14.

Distilled to its essence, the Wortmans' evidence is that Mr. Reinsbach had approximately 4,250 feet of unobstructed roadway with no impediments to visibility prior to reaching the site of the accident. He was traveling at a speed of 65 miles per hour, closed the distance to the accident site in approximately 44 seconds without braking until the last few seconds prior to impact.[1] Upon *de novo* consideration of that evidence, this Court agrees with the Magistrate Judge that, at most, such evidence establishes only ordinary negligence by Mr. Reinsbach, not the sort of intentional disregard of a hazardous course of conduct that is necessary to rise to the level of willful and wanton conduct. To be sure, a driver who fails to appreciate that traffic in front of him is stopped, despite having 44 seconds to observe that fact, is very likely to have been negligent. But the cause of Mr. Reinsbach's failure to apprehend the state of traffic ahead is unknown. Willful and wanton conduct might arise from a driver in Mr. Reinsbach's situation making a conscious, voluntary choice perform an act that is readily recognized as hazardous – *e.g.* texting while driving, speeding or driving when the vehicle's windows became obstructed. But the failure to apprehend the need to stop may be caused by the sort of ordinary carelessness common to all drivers from time to time -- *e.g.* the driver inadvertently became preoccupied or was daydreaming and failed to quickly recognize and react to a change in the traffic pattern.

The Wortmans essentially concede that they cannot allege the particular circumstances that caused Mr. Reinsbach to fail to promptly react to the stopped traffic ahead for nearly 44 seconds. They acknowledge that "we do not know what specifically [Mr. Reinsbach] was doing" during that time frame. But they argue that the Court should draw "the inference that Mr.

---

[1] The Wortmans argue that there is an inconsistency in the Recommendation as to whether Mr. Wortman had his brake lights or flashers on when he was stopped. The Court will assume that those lights and flashers were on.

4

Reinsbach could not have been paying attention to the road ahead," and that "[a]fter 44 seconds that inattentiveness becomes a choice, and is analogous to driving blindfolded."

This Court disagrees. Most drivers can recall situations where they have traveled many miles on the road without consciously and deliberately focusing on the specific task of driving (particularly where, as here, there were no other vehicles ahead of Mr. Reinsbach for almost a mile). The driver's conscious attention drifts away to other matters, and he or she relies upon subconscious perception, reflex, and habit, and experience to allow them to maintain lane position, course, and speed and to react (albeit usually less effectively) to sudden hazards. Such "distracted driving" might very well be negligent, but it does not rise to the level of conscious disregard of safety risks that is characteristic of willful and wanton conduct. Much like the Colorado Supreme Court cases addressing drivers who fall asleep at the wheel, the question is not whether a particular driver was negligent – but instead whether all sleeping drivers will be negligent. The question here is whether Mr. Reinsbach consciously recognized that he or she was driving in a dangerous manner (*e.g.* drowsy or preoccupied) and nevertheless chose to continue.

The Wortmans have alleged nothing that would suggest that Mr. Reinsbach's behavior was anything more than ordinary carelessness. The fact that he traveled nearly 44 seconds towards stopped traffic without braking is not necessarily the equivalent (literally or metaphorically) of having decided to "drive blindfolded". Inattentiveness, alone, is not willful and wanton conduct. Had the Wortmans evidence of <u>why</u> Mr. Reinsbach was inattentive for that 44-second period and could show that his inattentiveness was caused by circumstances that a reasonable person would recognize introduced an additional avoidable hazard, over and above the sort of careless inattention that all drivers occasionally manifest, their request to add a

demand for punitive damages might succeed. But on the evidence they have provided, they have not carried their burden of adducing well-pled facts that support the conclusion that Mr. Reinsbach had engaged in willful and wanton conduct. Accordingly, the Court overrules their Objections, adopts the Recommendation, and denies their Motion to Amend.

Separately, Zurich, Mr. Wortman's insurer, has moved to intervene in this action, contending that it has interests in the outcome of this litigation arising from Worker's Compensation payments it made to Mr. Wortman as a result of the accident. No party has filed papers opposing Zurich's intervention and this Court finds that such intervention is appropriate. Accordingly, Zurich's motion is granted.

For the foregoing reasons, the Court **OVERRULES** the Wortmans' Objections **(# 78)** and **ADOPTS** the October 17, 2019 Recommendation **(# 77)**. The Wortmans' Motion For Leave To Amend the Complaint **(# 50)** is **DENIED**. Zurich's Motion to Intervene **(# 54)** is **GRANTED**.

Dated this 30th day of January, 2020.

**BY THE COURT:**

_Marcia S. Krieger_
_____

Marcia S. Krieger
Senior United States District Judge